IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TJ HAGWOOD (#16049410), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3038-G-BN |
| THE STATE OF TEXAS, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff TJ Hagwood, detained pretrial at the Dallas County Jail, has filed a *pro se* civil rights action under 42 U.S.C. § 1983 against the State of Texas, the Dallas Sheriff's Department, and the Dallas Texas Police Department, claiming that he has been falsely accused of burglary of a vehicle and seeking monetary damages. *See* Dkt. No. 3.

Senior Judge A. Joe Fish has referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Hagwood's claims against the named defendants with prejudice and grant Hagwood's construed motion to amend his complaint to add a John Doe defendant. If the Court accepts this recommendation, the undersigned will resume pretrial management of this action.

**Applicable Background**

Hagwood alleges that a Dallas police officer(s) falsely arrested him in June 2016 because he fit the description of a person suspected of breaking into a truck in Oak Cliff. These allegations are consistent with the facts underlying a state-felony prosecution of Hagwood for burglary of a vehicle. *See State v. Hagwood*, F16-70740 (203d Jud. Dist. Ct., Dallas Cty., Tex.). That prosecution was dismissed, however, on September 12, 2016, on the motion of the district attorney stating that "it has been determined that the State is unable to make a prima facie case." *See id.* Hagwood remains detained pretrial on unrelated charges.

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or

defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

### State of Texas

Any claim that Hagwood brings against the State of Texas is barred by Eleventh Amendment immunity, and this defendant should be dismissed with prejudice. *See, e.g., Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))).

### Dallas Sheriff's Department and Dallas Texas Police Department

Through a questionnaire, the Court notified Hagwood that by suing these law enforcement departments as entities and by not naming as a defendant an individual

officer or employee of either department, he was suing non-jural entities that cannot be sued for civil rights violations under Section 1983. *See* Dkt. No. 6 at 8; *see also Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)); *cf. Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation").

Hagwood's verified response to the Court's questionnaire as to these entities fails to cure the jural-entity issue. *See* Dkt. No. 7 at 8. And these defendants should be dismissed with prejudice.

But Hagwood's verified response, in which he states that he has not "had access to the police report with the officer's name that detain[ed] me," *id.*, raises the possibility that, with Court-sanctioned discovery, he may be able to identify an individual defendant(s) that he claims violated his civil rights, *cf. Cowart v. Erwin*, No. 3:10-cv-1800-G-BN, 2013 WL 3970790, at *6 (N.D. Tex. Aug. 2, 2013) ("The [United States Court of Appeals for the] Fifth Circuit's ruling that Plaintiff 'was likely entitled to conduct discovery' prior to dismissal under 28 U.S.C. § 1915A suggests that it considered Plaintiff's interrogatory responses and other conduct as a request for discovery that should have been granted by the Court." (quoting *Cowart v. Dallas Cty.*

*Jail*, 439 F. App'x 332, 333 (5th Cir. 2011) (per curiam))).

While Hagwood has not formally sued a John Doe defendant in place of an unnamed Dallas police officer, Dallas County deputy sheriff, or other individual, his verified questionnaire response is properly construed as indicating that he believes that discovery will reveal the identity of an individual defendant capable of being sued. *Cf. Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("The only reason to sue a 'John Doe' is to conduct discovery backed by the authority of the court... Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).

Therefore, while the non-jural-entity defendants that Hagwood named initially should be dismissed, the Court should liberally construe the verified response to the Court's questionnaire as seeking leave to amend the complaint to name an individual John Doe defendant.

## Recommendation

The Court should dismiss Hagwood's claims against the named defendants with prejudice and grant his construed motion to amend his complaint to add a John Doe defendant.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE