IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TJ HAGWOOD (#16049410), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3038-G-BN |
| JOHN DOE, ET AL., | § § § | (Consolidated With: No. 3:17-cv-888-G-BN) |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. After consolidation of this action with a related civil action, *Hagwood v. South Central Police Station*, No. 3:17-cv-888-G-BN (N.D. Tex.), both actions are again before the Court *sua sponte* under its duty to screen actions filed *in forma pauperis* ("IFP") and, also applicable here, filed by a pretrial detainee against government entities, officers, and employees. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A. Under that duty, the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should dismiss a certain claim with prejudice and stay and administratively close this action as to other claims.

**Applicable Background**

Through his first-filed action, Plaintiff T.J. Hagwood alleges that a Dallas police

officer falsely arrested him in 2016 because he fit the description of a person suspected of breaking into a truck in Oak Cliff. These allegations are consistent with the facts underlying a state-felony prosecution of Hagwood for burglary of a vehicle. *See State v. Hagwood*, No. F16-70740 (203d Jud. Dist. Ct., Dallas Cty., Tex.); *compare id.*, *with* Dkt. No. 7 (verified questionnaire responses indicating that the Dallas jail book-in number Hagwood provides matches his book-in number for this offense). That prosecution was dismissed, however, on September 12, 2016, on the motion of the district attorney stating that "it has been determined that the State is unable to make a prima facie case." *See Hagwood*, No. F16-70740.

Through the second-filed action, Hagwood asserts that two named Dallas police officers falsely arrested him in February 2017. Related to this allegedly false arrest, new criminal charges were brought against Hagwood in 2017. *See State v. Hagwood*, No. F17-75226 (363d Jud. Dist. Ct., Dallas Cty., Tex.). That action remains pending.

## Legal Standards and Analysis

<u>First-filed action/2016 arrest</u>

Where an action is, for example, filed IFP, the Court must carry "out its statutory mandate to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated or the case is frivolous." *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam) (collecting cases); *see* 28 U.S.C. § 1915(e)(2)(B). The consolidation of Hagwood's actions prompted the undersigned to reexamine the false arrest claim asserted in the first-filed action in light of the applicable state criminal record. *Cf. Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL

5538413, at *4 (N.D. Tex. Dec. 14, 2010) (noting the propriety of taking judicial notice of adjudicative facts apparent from "state court criminal records" (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

That record indicates that the applicable warrant for Hagwood's arrest (included with the subsequent indictment) is supported by an officer's affidavit and a probable cause determination made by a magistrate or judge in Dallas County. *See generally Hagwood*, No. F16-70740.

"[W]hen a plaintiff alleges false arrest as the constitutional violation supporting a § 1983 claim, 'the plaintiff must show that the arresting officers did not have probable cause to arrest him.'" *Evans v. City of Meridian, Miss.*, 630 F. App'x 312, 315 (5th Cir. 2015) (per curiam) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest ... and false imprisonment ... require a showing of no probable cause."); internal brackets omitted); *see Navarro v. City of San Juan, Tex.*, 624 F. App'x 174, 179 (5th Cir. 2015) ("The constitutional claim of false arrest, in violation of the Fourth Amendment, requires a showing that there was no probable cause." (citations omitted)).

It is settled, moreover,

> "that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citing *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc)). "[T]he initiating party may be liable for false arrest," however,

> "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). But, "because the intermediary's deliberations protect even officers with malicious intent," a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 (5th Cir. 2016) (citing *Hand*, 838 F.2d at 1427).

*McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).

In light of the probable cause determination made prior to his arrest, Hagwood has not plausibly alleged that the officer arresting him in 2016 lacked probable cause for that arrest. Nor has Hagwood alleged that any officer withheld relevant information from the magistrate/judge who made the probable cause determination. Necessarily, then, Hagwood has not stated a claim for false arrest in violation of his civil rights. And, since Hagwood was given an opportunity to amend this claim through verified responses to the screening questionnaire, the Court should dismiss this claim with prejudice.

Second-filed action/2017 arrest

Records from as recent as earlier this month indicating that the state criminal prosecution implicated by the claims alleged in Hagwood's second-filed action remains pending, *see generally Hagwood*, No. F17-75226, require that the Court consider whether it should abstain from consideration of those claims.

"Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, ___ F.3d ___, No. 17-30519, 2018 WL 1417612, at *2 (5th Cir. Mar. 22, 2018) (citing

*Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But that provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger v. Harris*, 401 U.S. 37, 43-47 (1971)).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention "applies only to 'three "exceptional" categories' of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions."'" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger,* 401 U.S. at 43-45. The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. Those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). And Hagwood has full opportunity to raise constitutional challenges in the ongoing state prosecutions, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176; *Gates*, 2018 WL 1417612, at *3 ("The relevant question is whether the would-be federal plaintiff has the opportunity to raise his federal claims in state court." (emphasis omitted)); *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication

of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425 (1979) ("[T]he federal court should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'" (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)); emphasis in *Juidice*); *id.* at 425-26 ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court should therefore abstain from jurisdiction over Hagwood's claims in the second-filed action. *Cf. McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears that the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

Further, to the extent that Hagwood seeks damages, "*Younger* is not applicable to claims for damages." *Boyd*, 575 F. App'x at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam) ("The abstention doctrine in *Younger* does not apply to a federal suit seeking only damages." (citing *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995))).

Nevertheless, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

## Recommendation

The Court should dismiss the remaining claim in the first-filed action (for false arrest) with prejudice, and, as to all claims in the second-filed action, the Court should stay and administratively close this case and instruct Hagwood (1) that he file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order under

Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE