IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TJ HAGWOOD (#16049410), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3038-G-BN |
| JOHN DOE, ET AL., | § § § | (Consolidated With: No. 3:17-cv-888-G-BN) |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

On April 17, 2018, this action was stayed and administratively closed as to Plaintiff T.J. Hagwood's remaining claim that two Dallas police officers falsely arrested him in February 2017, because, at that time, criminal charges related to this allegation were pending. *See* Dkt. Nos. 15, 16, & 17. Hagwood subsequently sent correspondence to the Court stating that the applicable criminal proceeding had concluded. *See* Dkt. No. 19. And, on October 18, 2018, the Court, construing that correspondence as a motion to reopen, granted the motion and directed the Clerk of Court to reopen this action as to the remaining claim. *See* Dkt. No. 20.

Under its statutory obligation to screen that claim, *see* 28 U.S.C. §§ 1915(e)(2) & 1915A, the Court issued a questionnaire to Hagwood the same day, *see* Dkt. No. 21,

instructing him to return verified questionnaire responses by November 19, 2018 and warning him that "[f]ailure to provide complete answers to all questions and to verify those answers may result in the dismissal of this action for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b)," *id.* at 1.

It is now more than two months past the deadline for Hagwood to comply, and he has yet to comply with the Court's order or otherwise contact the Court.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441).

By not responding to the questionnaire, as ordered by the Court, and thereby preventing this action from proceeding, Hagwood has failed to prosecute his lawsuit and has also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of

this case until such time as Hagwood decides to comply with the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

This dismissal without prejudice will not operate to bar future litigation related to the remaining civil claim for false arrest. While the questionnaire was entered to confirm that this claim is currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the available state court records – of which the Court may take judicial notice – reflect that the applicable state conviction has neither been reversed, expunged, nor otherwise declared invalid or called into question. As such, Hagwood's civil rights claim for false arrest based on that conviction is *Heck*-barred. *See, e.g., Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) ("As a successful ruling on Ms. Elphage's state law claims for false arrest and imprisonment would undermine her conviction for resisting an officer, her claims are barred by *Heck*." (citations omitted)); *Nelson v. Nordyke*, No. 3:07-cv-1007-M, 2009 WL 648889, at *4 (N.D. Tex. Mar. 10, 2009) ("Officer Jamaica's motion for summary judgment should be granted with respect to Plaintiff's civil rights claims of false arrest and false detention and the corresponding pendant state law claims because those claims are *Heck*-barred, as well, and they should be dismissed until *Heck* conditions are met.").

That claim has therefore yet to accrue. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("[T]he *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.' It delays what would otherwise be the accrual date

of a tort action until the setting aside of an extant conviction which success in that tort action would impugn."); *see, e.g., Watkins v. Weston L.*, 557 F. App'x 348, 349-50 (5th Cir. 2014) (per curiam) ("Because a favorable ruling on this claim would necessarily imply that Watkins's disciplinary conviction was invalid, *Heck* barred him from filing a claim for damages without first obtaining a ruling invalidating or expunging the disciplinary conviction. Therefore, Watkins's cause of action did not accrue until the incident report was expunged on March 18, 2010, and the statute of limitations expired two years later in March 2012. Because Watkins's complaint was filed in January 2012, the district court erred in dismissing this claim as time barred." (citing *Heck*, 512 U.S. at 486-87; *Wallace*, 549 U.S. at 393)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE